ANN C. SHORT, Administratrix, and another *v.* ROBERT D. PIETY and others.

APPEAL from the District Court of Catahoula, *Boyce*, J.

MORPHY, J. This is an action brought against the maker and endorsers of several promissory notes, given by the maker, R. D. Piety, in payment of property purchased at the probate sale of the succession of Marcus L. Short. There was a verdict and judgment below in favor of the plaintiffs against the maker, but the endorsers were discharged. R. D. Piety has alone appealed.

As the endorsers have not been made parties to this appeal, it is unnecessary to notice the facts in relation to them, or the grounds on which they have been released. The maker and appellant urges, that the notes sued on were given for a house and lot in the town of Harrisburg, which was sold by the Probate Judge as the property of the succession of Marcus L. Short, while in fact the house was owned in co-partnership between the deceased and James W. McDonald, one of the plaintiffs in this suit. That the property was illegally sold, without any application or petition having been presented to the Court of Probates by any person legally authorized to demand a sale, and without any

order of that court directing the sale to be made. The appellant further urges, that when he became the purchaser of the property offered for sale, he believed the same to be free from mortgage or any incumbrance whatever, whereas there was a mortgage existing thereon to a large amount, to wit, the sum of six thousand seven hundred and fifty dollars, in favor of Michael H. Dasson, vendor of said Short and McDonald, who still holds the mortgage to secure the payment of the purchase money, the whole of which is yet due to him. The evidence in the record fully substantiates each and every one of the grounds relied on by the appellant. It is clear that the sale made by the Judge of Probates is an absolute nullity, and conveys no title whatever to the purchaser. It is equally clear that, even had the sale been made in strict accordance with law, as to the moiety of the property belonging to the estate of Marcus L. Short, it could not have had the effect of releasing the mortgage on the other half owned by McDonald, which was not judicially sold. Situated as the property was, the parties should perhaps have resorted to an action of partition between the estate of Short, and his surviving partner, McDonald. By that means the whole of the property would have been the object of a judicial sale, and a good title could have been made to the purchaser. Civ. Code, arts. 334, 335, 336, 1128, *et seq.* The evidence shows, however, that Piety took possession of the house, and kept a tavern in it after the sale. It is said that he has not offered to give it up, and that he cannot keep the property, and, at the same time, refuse to pay for it. This is true. But the evidence does not show, on the other hand, that possession of the premises was asked of him, accompanied with an offer to return his notes, and release him from all liability. He cannot be bound to pay notes, the consideration of which has totally failed.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that ours be for the defendant R. D. Piety, with costs in both courts ; reserving to the plaintiffs their right to sue for the possession of the property, if it be withheld, and all claims they may have against the appellant for the use and enjoyment he has had of it, from the time of the sale.

*McGuire* and *Ray*, for the plaintiffs.

*Phelps*, for the appellant.